UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOHN POULLARD (#98999)**

**VERSUS**

**JOHN BEL EDWARDS, ET AL.**

**CIVIL ACTION**

**NO. 19-301-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 30, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)

VERSUS

JOHN BEL EDWARDS, ET AL.

CIVIL ACTION

NO. 19-301-SDD-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment (R. Doc. 16) filed on behalf of defendants Governor John Bel Edwards, Secretary James LeBlanc, Warden Darrel Vannoy, Asst. Warden Whittaker, James Ashley, James Cruz, Joseph Lamartiniere, Joseph McKneely, John Reed, and Elmo Ross.  The Motion is opposed.  *See* R. Docs. 23, 25, 29, and 32.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Governor John Bel Edwards, Secretary James LeBlanc, Warden Darrel Vannoy, Asst. Warden Whittaker, James Ashely, James Cruz, Joseph Lamartiniere, Joseph McKneely, John Reed, Elmo Ross, Phillip Maple, and Peter Lollis complaining that his constitutional rights were violated due to sexual harassment, the use of excessive force, and failure to protect him from harm.  He prays for monetary, declaratory and injunctive relief.

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and certified copies of Disciplinary Reports dated 7/11/18, 7/24/18, 8/11/18, 8/27/18, 9/18/18, 1/1/19, 2/19/19, 4/11/19, and 4/13/19.  The plaintiff opposes the defendants' Motion for Summary Judgment relying upon the pleadings, a copy of a Health Care Request

Form regarding a PREA complaint, and the Affidavit/Declaration of the plaintiff and co-inmates Baylor Taylor, Mikes Guidry, and Robert Bethly[1].

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must

---

[1] The last name of the last signed co-inmate (DOC #704379) was not legible and may be spelled incorrectly by the Court.

review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

With regards to the issues raised in the defendants' Motion for Summary Judgment, in his Complaint, as amended, the plaintiff alleges that on January 1, 2019, while in restraints, defendant Ross grabbed the plaintiff's buttocks. The plaintiff told defendant Ross to remove his hands. In response, defendant Ross spit on the plaintiff, hit him in the head with iron keys, and delivered several blows to the plaintiff's body. As the plaintiff tried to move away in order to protect himself, defendant Ross tripped, and he and the plaintiff fell to the ground.

The plaintiff was then restrained by Sgt. Johnson, and defendant Ross activated his beeper. Defendants Lollis, Maple, McKneely, Ashley, and Reed responded, and the plaintiff was placed in a shower cell. Defendant Ross falsely informed the responding officers that the plaintiff had removed his restraints and attacked him.

On the same date, defendant McKneely issued a false disciplinary report stating that the plaintiff refused to cooperate with a strip search and spit at defendant McKneely. Defendant McKneely stated that the plaintiff was sprayed with a chemical agent due to the foregoing.

Sometime after the plaintiff was sprayed with a chemical agent by defendant McKneely, defendants Ross, Lollis, Maple, Ashley and Reed returned to the shower cell and, without reason, took turns spraying the plaintiff with a chemical agent until he was rendered unconscious.

In response, the defendants contend that the plaintiff's claims are barred pursuant to the rule stated in *Heck v. Humphrey*, 512 U.S. 477 (1994). Specifically, the defendants assert that a finding by this Court, that the plaintiff was subjected to the excessive use of force, would

necessarily implicate the validity of the disciplinary proceedings wherein the plaintiff was found guilty of defiance and aggravated disobedience and resulted in a loss of 30 days of good time credit and six weeks of yard privileges.

Under *Heck,* a prisoner's claim for monetary damages attributable to an alleged wrongful conviction or term of confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.  In *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) the Court found that the *Heck* rule applies in the context of a prisoner's claim regarding the deprivation of good time credits lost in connection with a disciplinary proceeding.  Following the *Edwards* decision, the Unites States Court of Appeals for the Fifth Circuit has applied the *Heck* rule in cases similar to this one where the plaintiff alleges that excessive force was used during an incident which resulted in the plaintiff receiving a disciplinary conviction.  *See Donnelly v. Darby*, 81 F. App'x. 823 (5th Cir. 2003) (excessive force claims barred by *Heck* due to disciplinary conviction resulting from the complained of incident); *Powell v. Maddox*, 81 F. App'x. 476 (5th Cir. 2003) (same); and *Hadnot v. Butler*, 332 F. App'x. 206 (5th Cir. 2009) (same).

However, in the instant matter, the *Heck* rule does not bar the entirety of the plaintiff's claims as suggested by the defendants.  The Fifth Circuit has also found that the decision to impose prison disciplinary procedures against a prisoner for a violation of prison rules can be severable from a separate lawsuit challenging the specific force used on the prisoner in response to the violation.  In *Bourne v. Gunnels,* 921 F.3d 484 (5th Cir. 2019), the Fifth Circuit found that *Heck* is not a total bar to § 1983 claims against prison officials, even when good time was lost. The Fifth Circuit found that allowing a plaintiff's excessive force claim to proceed does not always call into question the validity of a prisoner's underlying disciplinary conviction. Because

no underlying disciplinary procedure was implicated by Bourne's excessive force claim the Fifth Circuit reversed the District Court's application of *Heck. Id.*

The defendants herein assert that the plaintiff was issued a disciplinary report due to "refusing to obey direct verbal orders, spitting towards Capt. McKneely and other officers as well as biting attempts, escaping from his restraints and attacking Sgt. Elmo Ross, [and] hitting Sgt. Ross in the head with his restraints. In support of this assertion, the defendants cite to "Exhibit 15, p.7," which is a certified copy of a disciplinary report issued by defendant McKneely.

Contrary to the defendants' assertion that the plaintiff was found guilty of defiance and aggravated disobedience due, in part, to his actions against defendant Ross, it is clear from the disciplinary report that the plaintiff was found guilty based solely upon his alleged actions in the shower of refusing to obey the orders of defendant McKneely and spitting at defendant McKneely. Under the section titled "Description of Incident" defendant McKneely wrote,

> "On the above date and approximate time I, Captain Joseph McKneely placed offender John Poullard #98999 in the Hawk 1/Right shower. When attempting to perform a strip search of Offender Poullard, I gave Offender Poullard several direct verbal orders to take off his clothes. Offender Poullard flatly refused all orders given and preceded to start spitting towards me. I, then administered the minimum amount of gas necessary to gain control of the situation (53.3 grams). The body camera was not activated due to immediate action. Medical 3 was notified and arrived shortly thereafter. Offender Poullard was given a shower and a clean jumpsuit. This is for your information and further handling."

The disciplinary deport makes no reference to the plaintiff "escaping from his restraints and attacking Sgt. Elmo Ross, [and] hitting Sgt. Ross in the head with his restraints" or spitting towards "other officers as well as biting attempts." Nor does the report reference any documents wherein it is alleged that the plaintiff escaped his restraints, attacked defendant Ross, spit toward other officers and attempted to bite officers. Further, the record before the Court does not

contain a disciplinary report issued with regards to the plaintiff's alleged actions against defendant Ross or other officers. Rather, the defendants aim to have this Court believe that the plaintiff was disciplined for his alleged actions against defendant Ross and other officers based upon a disciplinary report issued by defendant McKneely which solely documents the plaintiff's alleged actions taken against defendant McKneely. The defendants' assertion as to the same is either disingenuous, at best, or an intentional misrepresentation.

As such, the only claims barred by the *Heck* rule are the plaintiff's claims asserted against defendant McKneely for excessive use of force while the plaintiff was in the shower cell. The plaintiff's claim for excessive force and failure to protect him from the same, asserted against defendants Ross, Lollis, Maple, Ashley and Reed, and the plaintiff's claims asserted against defendant Ross for the excessive use of force while in restraints and sexual harassment are not barred by *Heck* because the basis for these claims is separate and distinct from the basis of his disciplinary conviction. A finding that defendant Ross sexually harassed the plaintiff and/or utilized excessive force, or that defendants Ross, Lollis, Maple, Ashley and Reed utilized excessive force in a separate incident would not negate the prison's findings that the plaintiff violated prison rules and was subject to disciplinary action due to his alleged actions taken against defendant McKneely. Likewise, a ruling in the plaintiff's favor regarding his claims against defendants Edwards, LeBlanc, Vannoy, Whitaker, Cruz and Lamartiniere for failure to respond to his complaints regarding defendant Ross and failing to protect him from harm at the hands of defendant Ross would not affect his disciplinary conviction. *See Bourne v. Gunnels,* 921 F.3d 484 (5th Cir. 2019). Accordingly, the defendants' Motion should only be granted in part.

## RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment (R. Doc. 16) be granted in part, and the plaintiff's claims against defendant Joseph McKneely be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). It is further recommended that in all other regards the Motion (R. Doc. 16) be denied, and this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on March 30, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**