UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOHN POULLARD (#98999)**

**VERSUS**

**JOHN BEL EDWARDS, ET AL.**

**CIVIL ACTION**

**NO. 19-301-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 30, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JOHN POULLARD (#98999)**

**VERSUS**

**JOHN BEL EDWARDS, ET AL.**

**CIVIL ACTION**

**NO. 19-301-SDD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment (R. Doc. 41) filed on behalf of defendants Governor John Bel Edwards, Secretary James LeBlanc, Warden Darrel Vannoy, Asst. Warden Whittaker, James Ashley, James Cruz, Joseph Lamartiniere, Joseph McKneely, John Reed, and Elmo Ross, and the plaintiff's Cross Motion for Partial Summary Judgment (R. Doc. 83). The defendants' Motion is opposed. *See* R. Doc. 47

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Governor John Bel Edwards, Secretary James LeBlanc, Warden Darrel Vannoy, Asst. Warden Whittaker, James Ashely, James Cruz, Joseph Lamartiniere, Joseph McKneely, John Reed, Elmo Ross, Phillip Maple, and Peter Lollis complaining that his constitutional rights were violated due to sexual harassment, the use of excessive force, and failure to protect him from harm. He prays for monetary, declaratory and injunctive relief.

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and a certified copy of administrative remedy procedure "LSP 2019-0077."[1] The plaintiff opposes the defendants' Motion for Summary Judgment relying upon the pleadings,

---

[1] The defendants noted in their Memorandum in Support (R. Doc. 41-1) that the affidavits of the defendants would be attached at a later date; however, no such affidavits have been filed in the record.

his own declaration, and the Affidavit/Declaration of the plaintiff and co-inmates Baylor Taylor, Mikes Guidry, and Robert Bethly[2]. The plaintiff moves for summary judgment relying upon the pleadings, his own declaration, and the declaration of two co-inmates. (R. Doc. 83).

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air*

---

[2] The last name of the last signed co-inmate (DOC #704379) was not legible and may be spelled incorrectly by the Court.

*Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In the instant matter, the defendants have failed to carry their burden of proof under Federal Rule of Civil Procedure 56 with regards to the plaintiff's claims for the use of excessive force and failure to protect him from the same asserted against moving defendants Ashley, Reed, and Ross.[3] The defendants did not submit any competent summary judgment evidence. Rather, the defendants rely solely upon a certified copy of an administrative remedy procedure which contains various statements from the defendants which are hearsay.[4] Although the defendants noted in their Memorandum in Support (R. Doc. 41-1) that the defendants' affidavits would be submitted a later date, no such affidavits have been filed into the record. As such, the defendants' Motion should be denied in this regard.

With regards to defendants Edwards, LeBlanc, Vannoy, Whitaker, Cruz and Lamartiniere, in his Complaint, as amended, the plaintiff alleges that he complained to these defendants about prior acts of sexual harassment committed by defendant Ross. The plaintiff alleges that none of these defendants took any action regarding his complaints.

The defendants assert that they are entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the moving defendants contend that the plaintiff's allegations

---

[3] The Magistrate Judge previously recommended that the plaintiff's claims against defendant McKneely be dismissed as *Heck* barred.

[4] Even if the statements could be considered as competent summary judgment evidence, the plaintiff has submitted competing sworn accounts of the events, and the resolution of the factual dispute will require credibility determinations that are not susceptible of determination on motion for summary judgment.

and evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to any alleged violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[5]

Undertaking the qualified immunity analysis with respect to the plaintiff's claims asserted against defendants Edwards, LeBlanc, Vannoy, Whitaker, Cruz and Lamartiniere, the

---

[5] The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts' discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

Court finds that the defendants' motion for summary judgment should be granted. Specifically, the Court finds that there are no disputed questions of material fact as to a violation of the plaintiff's constitutional rights by these defendants.

The plaintiff complains that the defendants failed to respond to his informal complaints. Such allegations do not equate to a violation of a constitutional right as the plaintiff is not constitutionally entitled to an investigation into his administrative claims or informal complaints, or to a fair or favorable response thereto. *See Mahogany v. Miller*, 252 Fed. Appx. 593 (5th Cir. 2007). *See also Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (holding that an inmate "does not have a federally protected liberty interest" in having his administrative claims resolved to his satisfaction and that a claim "arising from the alleged failure to investigate his grievances is indisputably meritless").

Nor does the failure to respond to the plaintiff's informal complaints establish that the defendants failed to protect the plaintiff from harm. The plaintiff must show that defendants Edwards, LeBlanc, Vannoy, Whitaker, Cruz and Lamartiniere were deliberately indifferent to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). In applying this standard, the determinative question is whether the defendant prison official subjectively knew that the inmate plaintiff faced a substantial risk of serious harm yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan, supra*, 511 at 837. Specifically, the prison official must be shown to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they also must be shown to have drawn the inference. *Id.*

In the instant matter, the plaintiff alleges that defendants Edwards, LeBlanc, Vannoy, Whitaker, Cruz and Lamartiniere were aware of his complaints against defendant Ross failed to

prevent Ross' access to the plaintiff. However, mere negligence or the failure to act reasonably does not fulfill the deliberate indifference requirement. *See Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003). The plaintiff has not alleged that defendants Edwards, LeBlanc, Vannoy, Whitaker, Cruz and Lamartiniere had a subjective intent to cause harm to the plaintiff. As such, defendants Edwards, LeBlanc, Vannoy, Whitaker, Cruz and Lamartiniere are entitled to summary judgment, and the plaintiff's cross motion should be denied.

## RECOMMENDATION

It is recommended that the defendants' Motion for Summary Judgment (R. Doc. 41) be granted in part, and the plaintiff's claims against defendants Edwards, LeBlanc, Vannoy, Whitaker, Cruz and Lamartiniere be dismissed with prejudice. It is further recommended that the defendants' Motion (R. Doc. 41) be denied in part, as moot, with regards to defendant McKneely. It is further recommended that in all other regards the Motion (R. Doc. 41) be denied, that the plaintiff's Cross Motion for Partial Summary Judgment (R. Doc. 83) be denied, and this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on March 30, 2020.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**