## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JOHN POULLARD (#98999)**

**VERSUS**

**JOHN BEL EDWARDS, ET AL.**

**CIVIL ACTION**

**NO. 19-301-SDD-RLB**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 30, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)

VERSUS

JOHN BEL EDWARDS, ET AL.

CIVIL ACTION

NO. 19-301-SDD-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on a Motion to Dismiss filed on behalf of defendants Phillip Maples and Peter Lollis (R. Doc. 56). The motion is opposed. *See* R. Doc. 68.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Governor John Bel Edwards, Secretary James LeBlanc, Warden Darrel Vannoy, Asst. Warden Whittaker, James Ashely, James Cruz, Joseph Lamartiniere, Joseph McKneely, John Reed, Elmo Ross, Phillip Maple, and Peter Lollis complaining that his constitutional rights were violated due to sexual harassment, the use of excessive force, and failure to protect him from harm. He prays for monetary, declaratory and injunctive relief.

The moving defendants assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*,

556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679.  "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted).  Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, as amended, the plaintiff alleges that on January 1, 2019, while in restraints, defendant Ross grabbed the plaintiff's buttocks.  The plaintiff told defendant Ross to remove his hands.  In response, defendant Ross spit on the plaintiff, hit him in the head with iron keys, and delivered several blows to the plaintiff's body.  As the plaintiff tried to move away in order to protect himself, defendant Ross tripped, and he and the plaintiff fell to the ground.

The plaintiff was then restrained by Sgt. Johnson, and defendant Ross activated his beeper.  Defendants Lollis, Maple, McKneely, Ashley, and Reed responded, and the plaintiff was

placed in a shower cell. Defendant Ross falsely informed the responding officers that the plaintiff had removed his restraints and attacked him.

On the same date, defendant McKneely issued a false disciplinary report stating that the plaintiff refused to cooperate with a strip search and spit at defendant McKneely. Defendant McKneely stated that the plaintiff was sprayed with a chemical agent due the foregoing.

Sometime after the plaintiff was sprayed with a chemical agent by defendant McKneely, defendants Ross, Lollis, Maple, Ashley and Reed returned to the shower cell and, without reason, took turns spraying the plaintiff with a chemical agent until he was rendered unconscious.

In response to the plaintiff's allegations, the moving defendants have asserted that they are entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.*

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be denied. Specifically, the Court concludes that the plaintiff has stated a claim for the use of excessive force and for failure to intervene against defendants Maple and Lollis.

First, a use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986). The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

In the instant matter, accepting as true all of the factual allegations contained in the Complaint, the plaintiff's allegations are sufficient to state claim upon which relief can be granted. The plaintiff alleges after the incident with McKneely had concluded, the defendants returned to the shower cell and, along with others, took turns spraying the plaintiff with a chemical agent. Based upon the allegations of the Complaint, it appears the force was applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. As such, the plaintiff has stated a claim for the use of excessive force and the defendants' Motion should be denied in this regard despite the plaintiff's good fortune to escape without serious injury.

Turning next to the plaintiff's claim a for failure to intervene in the alleged use of excessive force, a defendant security officer may be found responsible for failure to intervene and take reasonable measures to protect an inmate from another officer's excessive use of force under a theory of bystander liability. An officer may be liable under § 1983 under a theory of bystander liability where the officer (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act. *See Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) *citing Hale v. Townley*, 45 F.3d 914, 916 (5th Cir. 1995).

In the instant matter, accepting the plaintiff's allegations as true , it would have been clear to any officer that the plaintiff's constitutional rights were being violated as multiple officers took turns spraying the plaintiff with a chemical agent. Further, based on the plaintiff's allegations, it appears that the defendants had an opportunity to intervene and failed to do so. Accordingly, accepting the plaintiff's allegations as true, the plaintiff has stated a claim against defendants Maple and Lollis for failure to intervene.

## RECOMMENDATION

It is recommended that the defendants' Motion to Dismiss (R. Doc. 56) be denied, and that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on March 30, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**