UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)

VERSUS

JOHN BEL EDWARDS, ET AL.

CIVIL ACTION

NO. 19-301-SDD-RLB

ORDER

Before the Court is the plaintiff's Motion for Restraining Order and Preliminary Injunction (R. Doc. 81), wherein the plaintiff requests injunctive relief due to alleged retaliation and deliberate indifference to his serious medical needs. These claims are unrelated to the claims asserted in this proceeding which consists of sexual harassment, the use of excessive force, and failure to protect the plaintiff from harm.

Where, as here, a plaintiff requests injunctive relief concerning conduct unrelated to the underlying claims of his lawsuit, such relief is not appropriate. For example, the United States Eighth Circuit Court of Appeals explained: A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. *See Dataphase Sys., Inc., v. C L Sys., Inc.,* 640 F.2d 109, 113 & n. 5 (8th Cir. 1981). Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *See Penn v. San Juan Hosp., Inc.,* 528 F.2d 1181, 1185 (10th Cir. 1975*).* It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit.

Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit. *See Stewart v. United States I.N.S.,* 762 F.2d 193, 198-99 (2 Cir. 1985).

Consequently, the Court found that the district court correctly ruled as a matter of law that Devose was not entitled to a preliminary injunction. *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994). Accord *Power v. Starks*, No. 4:16-CV-00045, 2017 WL 2062940, at *1 (N.D. Miss. May 12, 2017) ("Because a preliminary injunction depends on the prisoner's likelihood of success on the merits, a district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit. Accordingly, courts have routinely declined to grant a prisoner injunctive relief related to conduct unrelated to the underlying claims of his lawsuit." (citations, quotation marks, and brackets omitted)); *Lando & Anastasi, LLP v. Innovention Toys, L.L.C.*, Civ. Action No. 15-154, 2015 WL 12564201, at *2 (E.D. La. Oct. 15, 2015) ("[W]hile a preliminary injunction is appropriate to grant intermediate relief of the same character as that which may be granted finally, a district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." (quotation marks and brackets omitted)); *Schwartz v. United States Department of Justice*, Civ. Action No. 06-5581, 2007 WL 2916465, at *3 (D.N.J. Oct. 4, 2007) ("A preliminary injunction grants intermediate relief of the same character as that which may be granted finally. When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction." (citations and quotation marks omitted)). Accordingly,

**IT IS ORDERED** that the plaintiff's Motion (R. Doc. 81) be and is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on July 1, 2020.

UNITED STATES CHIEF DISTRICT JUDGE
SHELLY D. DICK