UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)

VERSUS

JOHN BEL EDWARDS, ET AL.

CIVIL ACTION

NO. 19-301-SDD-RLB

### ORDER OF DISMISSAL

This matter came before the Court for a final pretrial conference on July 20, 2021. The Pretrial Conference was conducted by video conference and recorded pursuant to the Cares Act and this Court's pandemic related General Order. The *pro se* Plaintiff, John Poullard, and counsel for the Defendants appeared.

The Court addressed two pending Motions[1] and, upon addressing the Plaintiff's out of time addition of two additional trial witnesses[2], the Plaintiff became belligerent and abusive. The Court has reviewed the video recording of the Plaintiff's outburst and concludes that, for the following reasons, the Plaintiff's case be and is hereby **DISMISSED WITH PREJUDICE**.

The Plaintiff repeatedly shouted profane and vulgar expletives of a most offensive and base nature and statements of a threatening nature, which will not be repeated herein. The Plaintiff's behavior was both shocking and inexcusable.

Federal Rule of Civil Procedure 41 addresses Dismissals. Subsection (b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

---

[1] R. Docs. 259 and 261.
[2] R. Doc. 263.

The Fifth Circuit has affirmed a Rule 41(b) dismissal with prejudice of a pro se plaintiff's claims where the Court of Appeals found the plaintiff's conduct "inexcusable" insofar as he "used vulgar and abusive language to refer to judicial officers, and he sent threatening e-mails to opposing counsel." *Petito v. Brewster*, 562 F.3d 761, 763 (5th Cir. 2009). The Court of Appeals held that, "[u]nder these circumstances, the dismissal of his case, even despite his unsubstantiated pleas of financial hardship and inability to appear at multiple show cause hearings, is by no means an abuse of discretion.  He cannot expect the protection of the very courts he abuses; nor should he expect his action to proceed after debasing judicial proceedings with vulgar insults, or, more worryingly, issuing threats to opposing counsel, conduct that may be criminal." *Id*. The Fifth Circuit explained that "[t]he right to bring claims before the courts is a sacred right in our republic. But this right is not without limits. We are vested with the power, and we labor under the duty, to protect judicial officers as well as those appearing in court on their own behalf and on behalf of others. Such protection was required in this case due to [the plaintiff's] wrongful conduct, and accordingly, his claims against the defendants, whether meritorious or not, have been forfeited." *Id*.

Correspondingly, "[a]lthough the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions to protect the courts' ability to effectively control the numerous matters filed therein." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.' " *Ruston v.*

*Dallas County,* No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (*quoting Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

Accordingly, courts have inherent authority "to protect the efficient and orderly administration of justice and ... to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). "Included in this power is the authority to levy sanctions in response to abusive litigation practices." *Id.*

This Court finds that *pro se* Plaintiff Poullard has forfeited his right to bring his claims before this Court due to his abusive, vulgar, and profane behavior. The Court will not further subject Court staff nor jurors to this behavior. Accordingly,

**IT IS ORDERED** that this matter be and is hereby **DISMISSED with PREJUDICE**. *Judgment* shall be entered accordingly.

Signed in Baton Rouge, Louisiana on July 21, 2021.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**